IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

SONIA CHOI,

    Plaintiff,

vs.                            Civil Action No._____

LAURA MICHELLE KEITH,

    Defendant.

_____/

## PLAINTIFF'S PRO SE VERIFIED COMPLAINT FOR BOTH INJUNCTIVE RELIEF AND MONEY DAMAGES

COMES NOW the Plaintiff, SONIA CHOI, appearing *pro se*, respectfully submits this Complaint against the above-named Defendant, as would show the Court as follows:

### Parties and Jurisdiction

1. Plaintiff, SONIA CHOI, is and was at all times relevant hereto and adult resident citizen of Matawan, New Jersey (Matawan County).

2. Defendant, LAURA MICHELLE KEITH, is and was at all times relevant hereto an adult resident and citizen of New York, New York (New York County).

3. Defendant is an individual and can be served with process at her residence: 401 West 53rd Street, Apartment No. 2C, New York, New York 10019.

4. Jurisdiction is proper pursuant to, *inter alia*, 28 U.S.C. 1332, because there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this Court pursuant to, *inter alia*, 28 U.S.C. 1391, because a substantial part of the events or omissions giving rise to the claims here occurred in the District of New Jersey, and the place of injury to Plaintiff is centered in this district.

Facts

6. On July 26, 2020, "Cash" – a Weimaraner – was one of seven dogs born. Plaintiff was the sole owner of Cash at birth, and on September 19, 2020, Plaintiff sold Cash for $1 to Thomas J. Caso. The transaction was reduced to writing, and witnessed by several individuals whose identities are available for the Court should the Court so desire. This transaction occurred in Colts Neck, New Jersey, within the District of New Jersey.

7. On January 12, 2022, Thomas J. Caso, signed over ownership and possessory interest in Cash, citing his (Caso's) physical limitations and inability to provide care for Cash.

8. In or about February 2022, Defendant began posting libelous, slanderous, defamatory, and blatantly false comments on social media, including but not limited to, Facebook, where Defendant accused

Plaintiff of having stolen Cash from her, and encouraging others to join an illicit campaign to effectuate the return of Cash. However, shortly after receiving Cash from Thomas J. Caso, Plaintiff relinquished ownership interest and possessory interest in Cash to one David Grippi, who maintains custody and control over Cash.

9. Defendant has engaged in a series of fraudulent and defamatory conduct directed at both Plaintiff and Mr. Grippi, and on at least one occasion accosted Mr. Grippi, and made a failed attempt to forcibly remove Cash from Mr. Grippi's custody and possession. This act occurred on March 1, 2022, within Matawan, New Jersey.

10. On countless occasions since Cash was signed over by Thomas J. Caso, Defendant has made disparaging and materially false allegations on social media accusing Plaintiff of wrongdoing, garnering support from the public, and calling for action to be taken by the public against Plaintiff. *See, e.g., Exhibit A.* As a result, Plaintiff has suffered severe emotional distress, knowingly and intentionally inflicted by Defendant. Such emotional distress has impaired Plaintiff's ability to perform daily functions associated with her work. Plaintiff lives in fear of being physically harmed based on the defamatory, slanderous, libelous, and flat

out false and public allegations of theft. The reputational harm suffered by Plaintiff is unquantifiable and immeasurable.

## COUNT ONE: DEFAMATION

11. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

12. Defamatory communications posted on the Internet and Facebook, among other websites, are properly characterized as libel, which does not require proof of special damages.

13. Defendant made false statements to third parties about Plaintiff on Facebook and other social media postings, contending that Plaintiff engaged in criminal conduct to include forgery and theft. Some of those postings are annexed hereto. Defendant published these defamatory, materially false, and slanderous statement with an intent to cause the infliction of both emotional distress, reputational harm, and physical harm to Plaintiff, succeeding (thus far) with destroying Plaintiff's reputation and causing Plaintiff to suffer extreme emotional distress.

14. The defamatory material is libel *per se* because it is calculated on its face to cast aspersions on the moral character of this Plaintiff.

15. Defendant many false statements proximately cause Plaintiff to suffer a loss of reputation, be deprived of the benefits of public confidence and

social acceptance, be held to public ridicule, suffer personal humiliation, emotional distress, the threat of serious bodily injury and/or death, and pain and suffering.

## COUNT TWO: INVASION OF PRIVACY-FALSE LIGHT

16. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

17. The Defendant unreasonably publicized and/or caused to be unreasonably publicized untrue personal information concerning the Plaintiff. Such information was disseminated to the public at large over the Internet on platform that include Facebook, to so many persons that the matter must now be regarded as public knowledge.

18. The information the Defendants so publicized or caused to be publicized was false and defamatory, and contained material and major misrepresentations of the Plaintiff's character, conduct and activities. Furthermore, such misrepresentations concerning Plaintiff's personal life are not of any legitimate public concern.

19. The false and defamatory material publicized or caused to be publicized by the Defendant placed the Plaintiff before the public in a false and objectionable light in that the Defendant publicly portrayed Plaintiff as, among other things, a criminal, a thief, a fraudster, and a forger.

20. The defamatory material is highly offensive to Plaintiff and would be highly offensive to a reasonable person. Such a portrayal of Plaintiff constitutes gross misrepresentation of her character, history, activities and beliefs.

21. The Defendant published the defamatory material with actual malice, meaning knowledge of its falsity. Moreover, Defendant contains to disseminate such defamatory information using the Internet.

## Jury Demand

22. Pursuant to the Federal Rules of Civil Procedure and the Sixth Amendment of the U.S. Constitution, Plaintiff hereby demands a trial by jury on all issues so triable.

## Prayer

WHEREFORE, Plaintiff prays in the following particulars:

A. That this Court issue a temporary Restraining Order enjoining Defendant from using Plaintiff's name, image or likeness, address, telephone number, and any other identifiable references, on the Internet and all social media, including but not limited to Facebook;

B. For a hearing and the entry of a preliminary and permanent injunction to prohibit, enjoin, and restrain Defendant from using Plaintiff's name, image and/or likeness, address, telephone number and any other identifiable

references to Plaintiff on the Internet and all social media, including but not limited to Facebook;

C. For compensatory, general, and specific damages in the amount as proved at trial, but not less that fifty million dollars ($50,000,000.00);

D. For punitive damages for willful, wanton, and intentional conduct;

E. For cost and any attorney fees; and

F. For any such other relief that this Court deem just and proper.

Dated: May 10, 2022

Respectfully submitted,

*Sonia Choi*

_____

SONIA CHOI
95 MAIN STREET
MATAWAN, NEW JERSEY 07747