**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONIA CHOI,<br><br>Plaintiff,<br><br>v.<br><br>LAURA MICHELLE KEITH,<br><br>Defendant. | Civ. No. 22-cv-2812<br><br>**MEMORANDUM ORDER** |

CASTNER, District Judge

**THIS MATTER** comes before the Court on the Renewed Application for Temporary Restraining Order ("TRO") and Order to Show Cause (ECF No. 11), the Motion to Grant the Unopposed Application for a TRO/Preliminary Injunction Enjoining the Defendant (ECF No. 15), and Application to Grant Preliminary Injunction (ECF No. 18) (collectively, the "Renewed Applications"), filed by Plaintiff Sonia Choi ("Plaintiff") on July 20, 2022, August 8, 2022, and August 19, 2022, respectively.

On May 12, 2022, Plaintiff filed a Verified Complaint and Motion for a TRO (ECF Nos. 1, 3), alleging defamation and invasion of privacy/false light for statements made online by Defendant Laura Michelle Keith ("Defendant") that Plaintiff stole her dog, Cash. (Verified Compl. ¶¶ 11–21, ECF No. 1.) The Motion for a TRO sought, among other things, an order "enjoining Defendant from using Plaintiff's name, image or likeness, address, telephone number, and any other identifiable references, on the internet and all social media;" and a "hearing and the

entry of a preliminary and permanent injunction" enjoining the same. (*Id.* at 7–8.) On May 20, 2022, the Court denied the Motion for a TRO, stating its reasons on the record. (ECF No. 5.)

On July 20, 2022, Plaintiff filed the Renewed Application for TRO and Order to Show Cause and included attachments of the allegedly defamatory social media posts made by Defendant. (ECF No. 11.) On July 26, 2022, the Court issued a text order with a briefing schedule for the Renewed Application for TRO and Order to Show Cause. (ECF No. 12.) On August 8, seeing no response from Defendant or indication that Defendant received the briefing schedule, the Court issued another text order extending the briefing schedule and ordering Defendant be served the text order by mail. (ECF No. 14.) On August 8, Plaintiff filed the Motion to Grant Plaintiff's Unopposed Motion for a TRO/Preliminary Injunction. (ECF No. 15.) On August 18, Defendant filed an Answer, Separate Defenses, and Counterclaim (the "Answer"). (ECF No. 17.) The Answer includes an affidavit and eighteen (18) exhibits, an expert report by a forensic handwriting specialist, and Cash's veterinarian records. (ECF Nos. 17, 17-1.)

On August 19, 2022, Plaintiff filed another Application to Grant the Preliminary Injunction on the grounds that Defendant failed to show cause why such relief should not be granted. (ECF No. 18.) On August 19, 2022, Defendant filed a response to the Renewed Applications (the "Response") (ECF No. 19), and on August 22, Defendant filed twenty-three (23) more exhibits.

The Court has decided the Renewed Applications based on the written submissions of the parties and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

The Court notes at the outset that Plaintiff's request in the Renewed Applications (ECF Nos. 11, 15, 18) is substantially similar to her request in the first Motion for a TRO (ECF No. 3). In the Renewed Applications, she requests the Court to,

2

> immediately issue a temporary restraining order and/or preliminary injunction, restraining and enjoining the above-named Defendant from using and/or referencing the name, likeness, and/or image, telephone number, or address of SONIA CHOI, the Plaintiff, in any of Defendant's social-media postings on Facebook, and on any other website or facility in interstate commerce, as well as public postings on the streets of New York or Matawan, New Jersey (Plaintiff's hometown), and from making any defamatory, libelous, or slanderous statements regarding Plaintiff including, but not limited to, spreading false allegations that Plaintiff engaged in serious criminal conduct including theft and forgery.

(Renewed Appl. for TRO ¶ 1, ECF No. 11; *compare id., with* 1st Mot. for TRO ¶ 1, ECF No. 3.)

The Court incorporates the facts and legal principles stated on the record on May 20, 2022 in response to Plaintiff's first Motion for a TRO. (*See generally* Tr., ECF No. 5.) Having already reviewed and declined to grant Plaintiff's first Motion for a TRO, the Court reviews the Renewed Applications to determine whether Plaintiff has asserted new information that warrants the "extraordinary remedy" of a preliminary injunction. *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, 2009 U.S. Dist. LEXIS 3481, at *3 (D.N.J. Jan. 16, 2009) (citing *Kos Pharms Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

Plaintiff attaches "some of Defendant's most recent posting and defamatory circulations," which include posts on social media and photos of flyers posted around transit stops. (Renewed Appl. for TRO, Attachment A.) Plaintiff contends that some of the more recent postings "associate Plaintiff with alleged threats of death," which "are designed to evoke a violent response from some of Defendant's many followers." (*Id.* ¶¶ 4, 6.) As with the posts submitted with the first Motion for a TRO, these posts refer to Cash as a "stolen Weimaraner" and accuse Plaintiff of stealing Cash by forging surrender documents. (*Id.*, Attachment A.) One post refers to Plaintiff as "Dog Theft Head Conspirator" and notes that Plaintiff "is trigger happy to sue anyone who has an opinion . . . [;]" another post states, "#SONIACHOI [Plaintiff] stabbed 'friend' in the back by

3

stealing [her] dog!! Commits crimes of FORGERY AND THEFT BY DECEPTION" and that "[t]hese people are suing [Defendant] for over $150 million [] to keep [Defendant] quiet and cover up the theft of [Defendant's] dog . . ." (*Id.*) Additionally, some of the posts indicate that there is a "change.org" site dedicated to the "BringPuppyCashHome" cause. (*Id.*) Plaintiff also asserts that Defendant has "engaged in criminal conduct by committing the act of burglary" because Defendant's companion, Thomas J. Caso ("Caso"), recently tried to break into Plaintiff's house, and was "arrested and detained, but [] has since been released on a $5,000 bond." (*Id.* ¶ 5.) Finally, Plaintiff contends that Defendant's "material misrepresentations to the public [have] resulted in financial contributions to [] gofundme accounts[,]" which Plaintiff alleges violates "federal wire fraud statutes" and federal cyberbullying and extortion statutes. (*Id.* ¶ 10.)

The Court finds that Plaintiff has not submitted new information to meet the high standard required for the issuance of a TRO or preliminary injunction. First, the social media posts that Plaintiff includes do not substantially differ from those submitted in the first Motion for a TRO to demonstrate injury so immediate and irreparable that money damages cannot remedy it. (Tr. at 14:10–12.) As the Court noted when ruling on the first Motion for a TRO, "[a] failure to demonstrate irreparable injury must necessarily result in the denial of the requested relief." (Tr. at 8:24–25 (citing *Perez v. Pena*, 2020 U.S. Dist. LEXIS 126415, at *5 (D.N.J. July 17, 2020)).) Second, as the Court previously noted, Plaintiff must assert sufficient evidence to show a reasonable probability of success on the merits of the defamation action, namely that the alleged defamatory posts are, in fact, false. (*See id.* at 9:6, 15:17–19.) Here, Defendant challenges Plaintiff's allegation that Defendant's posts are defamatory by asserting their truthfulness; specifically, Defendant avers that Plaintiff did, in fact, steal Cash by forging a surrender document. (Keith Decl. ¶¶ 9, 10 18, ECF No. 17-1.) Defendant attaches the allegedly "forged" surrender

4

document, as well as a document from an "Expert Forensic Handwriting Specialist," who is "willing to testify in court" that the "document has been altered in some way," (Keith Decl. ¶ 18, Expert Report at 15, ECF No. 17-3.)[1] According to Plaintiff, however, the "surrender document" is legitimate, and Caso admitted to the police that he signed the document. (Appl. to Grant TRO as Unopposed ¶ 3, Attachment A, ECF No. 18.) Based on the dispute as to the legitimacy of the "release of ownership" of Cash and who actually owns Cash, the Court will not grant a preliminary injunction before resolution of this dispute on the merits. As the Court previously noted, courts are particularly hesitant to grant injunctions without at least some factfinding in defamation actions due to First Amendment concerns. (Tr. at 11:15–13:7.)[2] Thus, while the Court disapproves of Defendant's posts on social media as a means of publicly litigating this case, the Court will not enjoin the posting at this stage in the litigation.

Finally, the Court addresses Plaintiff's remaining assertions. The alleged criminal behavior that Caso "commit[ed] the act of burglary [at] Plaintiff's residence" is not before this Court. (*See* Renewed Appl. for TRO ¶ 5.) Plaintiff has attached the criminal case information, and the adjudication of this alleged criminal behavior is best resolved by the criminal court. (Mot. to Grant Pl.'s TRO as Unopposed, Attachment A, ECF No. 15.) And, with respect to the cyber-bullying statutes, Plaintiff points to no law to support that she has a cause of action under such statutes.

---

[1] The pages to which the Court cites are the CM/ECF page numbers.

[2] *Chambers v. Scutieri*, 2013 WL 1337935, at *14 (N.J. Super. Ct. App. Div. Apr. 4, 2013) (finding that, "where the trial court has conducted a trial and has concluded the defendant's statements were defamatory, the court may consider the issuance of a permanent injunction to prevent the defendant from continuing his or her course of conduct in the future"); *see also ThermoLife Int'l LLC v. Connors*, 2014 WL 1050789, at *5 (D.N.J. Mar. 17, 2014) (granting injunction in defamation action in the context of default judgment, where "defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default").

Accordingly, at this stage in the litigation, the Court finds that the Renewed Applications do not meet the high standard required under Fed. R. Civ. P. 65. The Court denies Plaintiff's Renewed Applications at ECF Nos. 11, 15, and 18.

It is **SO ORDERED**.

Date: October 13, 2022

GEORGETTE CASTNER
United States District Judge