## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SONIA CHOI,<br><br>                    Plaintiff,<br><br>                    v.<br><br>LAURA MICHELLE KEITH,<br><br>                    Defendant. | Civ. A. No. 3:22-cv-2812 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon its review of *pro se* Plaintiff Sonia Choi's ("Plaintiff") Motion to Dismiss *pro se* Defendant Laura Michelle Keith's ("Defendant") Counterclaim and Motion to Strike Defendant's Letter in Response to the Court's July 26, 2022 Text Order (*see* ECF No. 19); Defendant's Answer, Separate Defenses, and Counterclaim (*see* ECF No. 17); the Exhibit(s) to Defendant's Answer to Complaint and Counterclaim filed subsequent to Defendant's responsive pleading (*see* ECF No. 20); and Defendant's Joint Discovery Plan (*see* ECF No. 21) (hereinafter, the "Motion"). (*See* Pl.'s Mot. to Dismiss, ECF No. 22.) Defendant declined to respond, and therefore Plaintiff's Motion is unopposed. For the reasons stated in this Memorandum Order, and for other good cause shown, Plaintiff's Motion is **DENIED**.

## I.    BACKGROUND

This matter arises from the parties' public dispute over the ownership of a weimaraner dog named "Cash," most of which was conducted via social media. (*See generally* Pl.'s Compl., ECF No. 1.) On May 12, 2022, Plaintiff filed her Complaint, asserting claims for defamation and invasion of privacy/false light under the First Amendment to the United States Constitution (*see* Pl.'s Compl. ¶¶ 11-15 (Count One); ¶¶ 16-21 (Count Two)), and with it her initial Motion for a

Temporary Restraining Order ("TRO") (*see* TRO, ECF No. 3).  The Court denied Plaintiff's initial request for a TRO on May 19, 2022.  (*See* Min. Entry for proceedings, ECF No. 6; *see generally* Tr. of Ct.'s Op., ECF No. 5; *see* Text Order (den. TRO), ECF No. 7.)

On June 24, 2022, Defendant answered.  (*See* Def.'s Answer, ECF No. 8.)  On June 27, 2022, Plaintiff submitted correspondence, alleging that Defendant committed perjury in the submission of her initial Answer, and requesting that the Court issue an Order to Show Cause ("OTSC") as to why Defendant should not be held in contempt of Court or prosecuted criminally. (*See* Pl.'s Reply to Def.'s Answer, ECF No. 9.)  Specifically, Plaintiff alleged that Defendant's initial Answer materially conflicted with the Answer she submitted in a parallel state court proceeding.  (*See id.* ¶¶ 3-6.)

The Honorable Rukhsanah L. Singh, U.S.M.J., set an initial conference to be conducted September 13, 2022 (*see* Order Scheduling Conference Text Order, ECF No. 10).  Plaintiff renewed her request for a TRO and OTSC on July 20, 2022 (*see* Pl.'s Renewed Pet., ECF No. 11), and the Court ordered Defendant to respond to Plaintiff's submission by August 5, 2022 (*see* July 26, 2022 Text Order, ECF No. 12).  By August 8, 2022, Defendant had not responded to the Court's Text Order, and the Court provided an additional fourteen (14) days within which Defendant was permitted to respond.  (*See* Text Order, ECF No. 14.)  On the same day, August 8, 2022, Plaintiff filed a Motion to Grant Plaintiff's Unopposed Motion (*see* Pl.'s Mot. to Grant Unopposed Mot., ECF 15).  Shortly thereafter, on August 12, 2022, Plaintiff filed a Notice of Inability to Confer with Defendant Regarding Discovery Plan and Request for Judicial Guidance (*see* Pl.'s Notice, ECF No. 16).

On August 18, 2022, Defendant filed her Answer, as well as a Counterclaim against Plaintiff.  (*See* Def.'s Answer, Separate Defenses, and Countercl., ECF No. 17.)  The next day, on

August 19, 2022, Plaintiff filed yet another request for injunctive relief. (*See* Pl.'s Appl. to Grant Prelim. Inj., ECF No. 18.)  On the same day, Defendant filed a response to the Court's July 26, 2022 Text Order, highlighting that this federal action may be barred by New Jersey's entire controversy doctrine, and addressing the allegations stated within Plaintiff's various requests for injunctive relief. (*See* Def.'s Aug. 19, 2022 Letter, ECF No. 19.)  Defendant also filed a sequence of exhibits to her Answer and Counterclaim on August 22, 2022 (*see* Ex(s)., ECF No. 20), as well as a Proposed Joint Discovery Plan on August 24, 2022 (*see* Proposed Joint Disc. Plan, ECF No. 21).

On August 29, 2022, Plaintiff filed the instant Motion to Dismiss Defendant's Counterclaim and to Strike Defendant's Documents 17, 19, 20, and 21. (*See* Pl.'s Mot. to Dismiss, ECF No. 22.)  Plaintiff next moved to adjourn the initial scheduling conference on September 7, 2022 (*see* Pl.'s Mot. to Adjourn, ECF No. 23), which request the Court granted the next day (*see* Sept. 8, 2022 Text Order, ECF No. 24).  On October 13, 2022, the Court denied Plaintiff's various renewed requests for injunctive relief (*see* ECF Nos. 11, 15, & 18, respectively), because Plaintiff failed to satisfy the high standard required to justify the imposition of a TRO or preliminary injunction. (*See* Mem. Order, ECF No. 25.)

## II.    LEGAL STANDARD

As both parties in this matter have elected to appear *pro se*, the Court recognizes its obligation to liberally construe an unrepresented individual's submissions, particularly the *pro se* litigant's pleadings. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se*'s pleadings is well-established.").  However, the Court is under no obligation to "provide substantive legal advice to *pro se* litigants[,]" and generally, "federal courts treat *pro se* litigants

3

the same as any other litigant[.]" *See Mala*, 704 F.3d at 244. The Third Circuit has consistently instructed that, though some leniency is appropriately awarded *pro se* litigants, the convention is limited. *See id.* at 245; *see McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirmation by the Supreme Court that it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). It is in light of these considerations that the Court analyzes the sufficiency of the *pro se* parties' papers.

### A.    Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state such a *prima facie* plausible claim in accord with the Federal Rules, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief,'" Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated by Twombly*, 550 U.S. 544). The reviewing district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F>3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

The Third Circuit has devised a three-step process to facilitate evaluation of a complaint's sufficiency. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). This divides the district court's analysis into three discrete segments: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* Finally, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B.    Rule 12(f) Motion to Strike

Rule 12 allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because of the drastic nature of the remedy, however, motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (quoting *Tonka Corp. v. Rose Art. Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)). "In deciding the present motion, the Court must also bear in mind that generally, 'motions to strike under Rule 12(f) are highly disfavored.'" *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014) (quoting *FTC v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011)). "Accordingly, 'a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f).'" *Signature Bank v. Check-X-Change, LLC*, No. 12-2802, 2013 WL 3286154, at *6 (D.N.J. June 27, 2013) (quoting *Tonka*, 836 F. Supp. at 217).

III.     **DISCUSSION**

A.       **Rule 12(f) Motion to Strike**

Plaintiff's Motion to Strike Defendant's Response (*see* ECF No. 19); Answer, Separate Defenses, and Counterclaim (*see* ECF No. 17); Exhibit(s) to Answer to Complaint, Counterclaim (*see* ECF No. 20); and Joint Discovery Plan (*see* ECF No. 21) must be denied. Despite Plaintiff's assertion that she moves pursuant to Rule 12(f), substantively, she advances either a Federal Rule of Civil Procedure 56(c)(2) objection that the evidence Defendant relies upon in responding to the Complaint in this matter is inadmissible under Federal Rule of Evidence 702 on summary judgment, or a *Daubert* motion *in limine* seeking to preclude the admission of an expert's opinion from admission at trial. According to Plaintiff, "[e]ach of Defendant's submissions relies largely on a report by a handwriting expert who, according to Defendant, renders an expert opinion that Mr. Caso did not sign the 'surrender' document, and that Plaintiff signed Mr. Caso's name to the document."[1]  (*See* Pl.'s Moving Br. 10, ECF No. 22.)  Plaintiff details "the procedure followed by [Defendant's] handwriting expert," and determines it to be unreliable because, as she avers, the expert did not analyze the original documents.  (*See id.* at 10.)

"Daubert explains that the language of [Federal Rule of Evidence] 702 requiring the expert to testify to scientific knowledge means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds for his or her belief.'" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)).

---

[1] The central dispute centers around the legitimacy of an alleged contract between the parties, in which the Defendant's boyfriend, Thomas J. Caso, is purported to surrender ownership of Cash to Plaintiff after becoming unable to provide proper care for the canine. (*See* Pl.'s Compl. ¶ 7 ("On January 12, 2022, Thomas J. Caso, signed over ownership and possessory interest in Cash, citing his (Caso's) physical limitations and inability to provide care for Cash.").)

Plaintiff cites a single case in her argument that Defendant's exhibits should be stricken under Rule 12(f), *United States v. Velasquez*, in which the Third Circuit evaluates "the trial court's ruling on the admissibility of [the handwriting analysis expert's] testimony[.]"  64 F.3d 844, 847 (3d Cir. 1995); (*see* Pl.'s Moving Br. 10 (citing *id.* at 846 n.3)).

Plaintiff's Motion to Strike is denied for two reasons.  First, Defendant's letter in response to the Court's July 26, 2022 Text Order (*see* ECF No. 19), the exhibits to her Counterclaim (*see* ECF No. 20), and Defendant's Proposed Joint Discovery Plan (*see* ECF No. 21) are not "pleadings" to which Rule 12(f) applies.  Second, Plaintiff's motion to strike all of Defendant's filings, including her Answer, Separate Defenses, and Counterclaim (*see* ECF No. 17), must be denied because it would be premature for the Court to evaluate the admissibility of Defendant's expert evidence at this early stage of the litigation.

### B.    Rule 12(b)(6) Motion to Dismiss

When possible, the submissions of *pro se* litigants should be afforded leniency.  Here, Plaintiff's Motion does not make any arguments regarding the sufficiency of Defendant's Counterclaim allegations.  (*See* Pl.'s Moving Br. 8-9.)  In other words, Plaintiff does not contest whether Defendant's pleadings have been adequately plead.  Indeed, Plaintiff's only arguments concern the parties' factual dispute over whether a critical document purporting to transfer ownership of the weimeraner at issue was in fact properly signed or the subject of forgery.  (*See id.*)  Plaintiff argues for the factual authenticity of the document, and compares the relative sufficiency of the exhibits submitted by both parties to support her argument that the Court should conclude that, essentially, there exists no genuine factual dispute in this matter.  She states,

> Consequently, it is a foregone conclusion—given his acknowledgement and admission to law enforcement—that Mr. Caso signed the surrender document, and relinquished custody of the dog in question to this Plaintiff.  Thus, the disparaging remarks

> and allegations about Plaintiff, by the Defendant, are undeniably
> libelous, slanderous, defamatory, and patently false.  Dismissal of
> the counterclaims are warranted because the[y] fail to state a cause
> of action, and because the record refutes any claim of wrongdoing
> by Plaintiff—the only other party to these proceedings.

(*Id.* at 9.)

The inquiry for the Court is whether Plaintiff's Motion is appropriately converted from a submission under Rule 12(b)(6) into one pursuant Rule to 56, which would in turn facilitate the Court's consideration of the exhibits referenced by Plaintiff in her papers.  Typically, it is inappropriate for a court reviewing a 12(b)(6) motion to consider extraneous documents—that is, documents not attached to the complaint, nor expressly incorporated therein—unless the court converts the motion to dismiss into a motion for summary judgment, *see Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (referencing Rule 12(b)(6)). The Court must analyze the complaint "in its entirety," including "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 & Supp. 2007)).  Additionally, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (collecting cases).

"A court has discretion to convert a Rule 12(b)(6) motion into a motion for summary judgment by considering materials extrinsic to the pleadings." *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000) (citing Fed. R. Civ. P. 12(b)).  "When a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties

'reasonable opportunity' to present all material relevant to a summary judgment motion." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287-88 (3d Cir. 1999) (quoting Fed. R. Civ. P. 12(b)). "[I]t is reversible error for a District Court to convert a motion to dismiss to a motion for summary judgment without notifying the parties and giving them an opportunity to present material to the court." *Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir. 2004) (citing *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989)). "In *Rose*, [the Third Circuit] held that notice must be 'unambiguous' and must 'fairly apprise[]' the parties that the court intends to convert the motion." *In re Rockefeller Ctr. Props., Inc.*, 184 F.3d at 288 (citing *Rose*, 871 F.2d at 341-42). The Court is theoretically able to provide proper notice to the parties in compliance with this procedural requirement.

Even if the Court were to construe Plaintiff's Motion as one seeking summary judgment, and assuming the authenticity of the parties' exhibits *arguendo*, conversion into such a motion is inappropriate. "While certain facts do support a conversion of this motion to summary judgment, this case is at the beginning of the discovery process." *Kurdyla*, 197 F.R.D. at 131 (declining to convert the motion to dismiss into a motion for summary judgment despite both parties' submission of various materials extraneous to the pleadings); *see Childs v. Meadowlands Basketball Assocs.*, 954 F. Supp. 994, 997 (D.N.J. 1997) (declining to convert despite submission of affidavits by both parties); *see also Morris v. Azzi*, 866 F. Supp. 149, 151 (D.N.J. 1994) (refusing to disturb posture of 12(b)(6) motion "although the parties append certain extraneous documents to the papers"). Discovery has not been initiated in this matter. (*See* Sept. 8, 2022 Text Order, ECF No. 24 (adjourning Rule 16 initial conference).) "A court should not convert a motion, [] when little or no discovery has occurred." *Kurdyla*, 197 F.R.D. at 131 (citing *Childs*, 954 F. Supp.

at 997 & *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 335-36 (E.D. Pa. 1994)).

Conversion of this motion at this stage is, therefore, inappropriate.

IV.   **CONCLUSION & ORDER**

      For the reasons stated forth herein, and other good cause shown,

      **IT IS THEREFORE**, on this 15th day of March, 2023, **ORDERED** that:

            Plaintiff Sonia Choi's Motion to Dismiss Defendant Laura Michelle Keith's

            Counterclaim and to Strike Defendant's Response (*see* ECF No. 19), Answer,

            Separate Defenses, and Counterclaim (*see* ECF No. 17), Exhibit(s) to Answer to

            Complaint, Counterclaim (*see* ECF No. 20), and Joint Discovery Plan (*see* ECF No.

            21) is hereby **DENIED** without prejudice.  (*See* Pl.'s Mot. to Dismiss, ECF No.

            22.)

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE